UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NED SIMERLEIN, JAMES ECKHOFF, MARICEL LOPEZ, CRAIG KAISER and JOHN F. PRENDERGAST, individually and on behalf of all other similarly situated,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. and TOYOTA MOTOR MANUFACTURING, INDIANA, INC. | CASE NO. 3:17-CV-01091-VAB |

**[PROPOSED] FINAL ORDER APPROVING CLASS
SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

**WHEREAS**, the Court, having considered the Settlement Agreement filed December 11, 2018 (the "Settlement Agreement") between and among Class Representatives, through Class Counsel, and Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc. Toyota Motor Manufacturing, Indiana, Inc. and their affiliates (collectively "Toyota"), the Court's January 14, 2019 Order Granting Preliminary Approval of the Class Settlement, Directing Notice to the Class, and Scheduling Fairness Hearing (ECF 107) (the "Preliminary Approval Order"), having held a Fairness Hearing on June 4, 2019, and having considered all of the submissions and arguments with respect to the Settlement Agreement, and otherwise being fully informed, and good cause appearing therefore (all capitalized terms as defined in the Settlement Agreement);

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Final Order Approving Class Action Settlement and Certifying Settlement Class ("Final Order") incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits, and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Final Judgment.

2. The Court has personal jurisdiction over all parties in the Action, including, but not limited to all Class Members, in light of Toyota's express waiver of its challenge to personal jurisdiction under Fed. R. Civ. P. 12 for the purposes of settlement only, and has subject matter jurisdiction over the Action, including without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Class, to settle and release all claims released in the Settlement Agreement, and to dismiss claims asserted against Toyota in the Action with prejudice and enter final judgment with respect to Toyota in the Action. Further, venue is proper in this Court.

## I.  THE SETTLEMENT CLASS

3. Based on the record before the Court, including all submissions in support of the settlement set forth in the Settlement Agreement, objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby confirms the certification of the following nationwide Class (the "Class") for settlement purposes only:

> All persons, entities or organizations who, at any time as of the entry of the Initial Notice Date, own or owned, purchase(d) or lease(d) Subject Vehicles distributed for sale or lease in any of the fifty States, the District of Columbia, Puerto Rico and all other United States territories and/or possessions. Excluded from the Class are: (a) Toyota, its officers, directors and employees; its affiliates and affiliates' officers, directors and employees; its distributors and distributors' officers, directors and employees; and Toyota Dealers and

    Toyota Dealers' officers and directors; (b) Plaintiffs' Counsel; (c) judicial officers and their immediate family members and associated court staff assigned to this case; and (d) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

    4.  The Court finds that only those persons/entities/organizations listed on Appendix A to this Final Order [to be provided at the Final Approval Hearing] have timely and properly excluded themselves from the Class and, therefore, are not bound by this Final Order or the accompanying Final Judgment.

    5.  The Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon the occurrence of the Final Effective Date, that the Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3):

    a.  *Numerosity*.  The Class, which is ascertainable, consists of current and former owners and lessees of more than 1,000,000 Subject Vehicles located throughout the United States, its territories and possessions, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1).  Joinder of these widely dispersed, numerous Class Members into one suit would be impracticable.

    b.  *Commonality*.  There are some questions of law or fact common to the Class with regard to the alleged activities of Toyota in this case.  These issues are sufficient to establish commonality under Fed. R. Civ. P. 23(a)(2).

    c.  *Typicality*.  The claims of Class Representatives are typical of the claims of the Class Members they seek to represent for purposes of settlement.

    d.  *Adequate Representation*.  Class Representatives' interests do not conflict with those of absent members of the Class, and Class Representatives' interests are co-extensive with those of absent Class Members.  Additionally, this Court recognizes the experience of Class Counsel.  Class Representatives and their counsel have prosecuted this action vigorously on

behalf of the Class. The Court finds that the requirement of adequate representation of the Class has been fully met under Fed. R. Civ. P. 23(a)(4).

        e.    *Predominance of Common Issues*. The questions of law or fact common to the Class Members predominate over any questions affecting any individual Class Member.

        f.    *Superiority of the Class Action Mechanism*. The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives. Class certification promotes efficiency and uniformity of judgment because the many Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

6. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

## II.   NOTICE TO CLASS MEMBERS

7. The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order (ECF 107). The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully

satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

8. The Court further finds that Toyota, through the Settlement Notice Administrator, provided notice of the settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the Settlement Agreement before entering its Final Order and Final Judgment.

### III.   FINAL APPROVAL OF SETTLEMENT AGREEMENT

9. The Court finds that the Settlement Agreement resulted from extensive arm's length, good faith negotiations between Class Counsel and Toyota, through experienced counsel.

10. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves, in all respects, the Settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, except those identified on Appendix A, and it is to be preclusive in the Action. The decisions of the Settlement Claims Administrator relating to the review, processing, determination and payment of Claims submitted pursuant to the Agreement are final and not appealable.

11. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things: (a) there is no fraud or collusion underlying

the Settlement Agreement; (b) the complexity, expense, uncertainty and likely duration of litigation in the Action favor settlement on behalf of the Class; (c) the Settlement Agreement provides meaningful benefits to the Class; and (d) any and all other applicable factors that favor final approval.

12. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as: (i) shall be consistent in all material respects with this Final Order, and (ii) do not limit the rights of the Class.

13. The Court has considered all objections, timely and proper or otherwise, to the Settlement Agreement and denies and overrules them as without merit.

## IV.     CLASS COUNSEL'S FEE APPLICATION AND SERVICE AWARDS TO CLASS REPRESENTATIVES

[To be completed by the Court after Class Counsel submits Fee Application and request for service awards to Class Representatives.]

## V.     DISMISSAL OF CLAIMS, RELEASE

14. All claims asserted against Toyota in the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement. The Parties are to file a stipulation of dismissal with prejudice or a substantial equivalent in the Related Action, pursuant to the terms of the Settlement Agreement.

15. Upon entry of this Final Order and the Final Judgment, Class Representatives, and each Class Member, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully, finally and forever release, relinquish, acquit, and discharge the Released Parties from any and all claims, demands, suits, petitions, liabilities,

6

causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action and the Related Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, violations of any state's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, any breaches of express, implied or any other warranties, RICO, or the Magnuson-Moss Warranty Act, or any other source, or any claim of any kind related arising from, related to, connected with, and/or in any way involving the Action, the Related Action, the Subject Vehicles' sliding doors and/or associated parts that are, or could have been, defined, alleged or described in the Complaint, the Action, the Related Action or any amendments of the Action or the Related Action.  Notwithstanding the foregoing, Class Representatives and Class Members are not releasing claims for personal injury, wrongful death or actual physical property damage arising from an accident involving a Subject Vehicle.

16.  Notwithstanding the foregoing, Class Representatives and/or Class Member shall hold Released Parties harmless for all Released Claims that may be asserted by another legal or natural persons (including but not limited to legal guardians and estate administrators) who claim by, through, or under that Class Representative or Class Member.

17.  By not excluding themselves from the Action and the Related Action and to the fullest extent they may lawfully waive such rights, all Class Representatives are deemed to acknowledge and waive Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to Section 1542. Section 1542 provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

18.     The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement Agreement for all Class Members not listed on Appendix A.

19.     Therefore, except for those listed on Appendix A, all Class Representatives, Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties (as that term is defined in the Settlement Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action described. In addition, all Class Representatives, Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit based on or relating to the claims and causes of action in the complaint in the Action or Related Action, or the facts and circumstances relating thereto or the release in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the settlement as set forth in the Settlement Agreement, and the Action.

## VI.     OTHER PROVISIONS

20.     Without affecting the finality of this Final Order or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, to protect and

effectuate this Final Order and the accompanying Final Judgment, and for any other necessary purpose. The Parties, the Class Representatives, and each Class Member not listed on Appendix A are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

21. In the event that the Final Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order and the accompanying Final Judgment, and other orders entered in connection with the Settlement Agreement and releases delivered in connection with the Settlement Agreement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

22. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

23. Nothing in this Final Order or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

24. Neither this Final Order nor the accompanying Final Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties. Neither the Settlement Agreement (or its exhibits), this Final Order, the accompanying Final Judgment, or any document related to the Settlement Agreement shall be offered in any

proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that Toyota and the Released Parties may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order, the accompanying Final Judgment and any other related document is binding on and shall have res judicata, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person or entity who is subject to the release described above asserting a released claim against any of the Released Parties.

25.     A copy of this Final Order shall be filed in, and applies to, the Related Action.

SO ORDERED this ____ day of _____ 2019.

_____
Victor A. Bolden
United States District Judge