UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NED SIMERLEIN, JAMES ECKHOFF, MARICEL LOPEZ, CRAIG KAISER, JOHN F. PRENDERGAST, RAYMOND and ROSARIO ALVAREZ, KAREN EASON, JENNIFER SOWERS, JENNIFER FRANKLIN, JORDAN AMRANI, CRYSTAL GILLESPIE, MELISSA STALKER, DILLEN STEEBY, PAULA McMILLIN, JOSEPH C. HARP Jr., and JAMES and MELISSA JUGO TINNEY, individually and on behalf of all others similarly situated, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. and TOYOTA MOTOR MANUFACTURING, INDIANA, INC. | CASE NO. 3:17-CV-01091-VAB |

**DECLARATION OF DAVID A. SLOSSBERG IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES,
AND SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

I, David A. Slossberg, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm of Hurwitz Sagarin Slossberg & Knuff, LLC ("HSSK"). HSSK has participated primarily as local counsel for Plaintiffs in the above-captioned action brought on behalf of a class of consumers of Toyota Sienna minivans. I am the lead attorney for HSSK in this matter.

2. I am admitted to practice in the states of Connecticut, New York and Massachusetts, and the bars of the United States District Court for the District of Connecticut, the Southern District of New York, the Eastern District of New York, the Northern District of New York, and the United States Court of Appeals for the Second Circuit.

3. I respectfully submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards to the Class Representatives. I have personal knowledge of the matters set forth herein and am competent to testify with respect thereto.

4. From June 29, 2017 through April 30, 2019, my firm has expended 188.2 hours of work in connection with this litigation. The lodestar value of that time is $97,460.00 based upon current customary rates.

5. My firm's work on this case was performed on a wholly-contingent basis. HSSK has not received any amounts in connection with this case, either as attorneys' fees or expense reimbursement.

6. Shown below is a true and correct summary identifying the attorneys and legal staff who have worked on this litigation, the number of hours those individuals have worked, their regular hourly billing rates at current rates, and their respective lodestar values. We anticipate that additional time and expenses will be incurred for the work HSSK will be performing on this matter through the conclusion of the settlement and this litigation.

7. The hourly rates shown below are the firm's usual and customary lodestar rates charged in Connecticut and the national venues in which the firm typically handles cases for each individual doing the type of work performed in this litigation. These rates were not adjusted, notwithstanding the complexity of this litigation, the skill and tenacity of the

opposition, the preclusion of other employment, or any other factors that could be used to justify a higher hourly compensation.

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| David A. Slossberg | (P) | 82.5 | $575.00 | $47,437.50 |
| David L. Belt | (P) | 40.8 | $550.00 | $22,440.00 |
| Jeffrey P. Nichols | (A) | 64.9 | $425.00 | $27,582 |
| TOTAL: | | 188.2 | | $97,460.00 |
| (P) Partner | | 123.3 | | $69,877.50 |
| (A) Associate | | 64.9 | | $27,582 |

8.  These amounts were derived from contemporaneous daily time records compiled on this matter, which are recorded in our computerized database. The firm requires regular and contemporaneous recording of time records, which occurred in this case.

9.  The lodestar summary reflects HSSK's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

10. My firm has advanced a total of $3281.06 in expenses reasonably and necessarily incurred in connection with the prosecution of this matter. They are broken down as follows:

| DESCRIPTION | TOTAL EXPENSES |
|---|---|
| Travel/Meals/Carfare | $21.85 |
| Internal Reproduction/Copies | $137.20 |
| Computer Research | $2,054.01 |
| Pacer - Electronic Records | $68.00 |

3

| Filing Fees | $1000.00 |
|---|---|
| **TOTAL LITIGATION EXPENSES** | **$3,281.06** |

11. These expenses are reflected in the contemporaneous books and records regularly kept and maintained by my firm.

12. In my opinion, the time expended and incurred in prosecuting this action was reasonable and necessary for the diligent litigation of this matter.

13. As reflected in the attached resume for my firm, I have more than twenty-five years of experience in prosecuting a significant number of class action cases on behalf of consumers nationwide. Many of those cases resulted in settlements on behalf of those consumer classes, achieving substantial recoveries for consumers. My colleague David Belt likewise has lengthy experience in consumer and class action matters and is a co-author of *Connecticut Unfair Trade Practices, Business Torts and Antitrust*, Vol. 12 of the Connecticut Practice Series. My colleague Jeffrey Nichols and I are also contributing editors of the CUTPA Treatise.

14. Based upon my experience, I believe that the proposed Settlement is fair, adequate, and reasonable based upon – among other things, as detailed in our briefs – the risks of continued litigation, strength of Plaintiffs' claims, and relief achieved on behalf of the individual Class members. In addition to the significant injunctive relief obtained by the attorneys, consumers are also able to claim the amount that they have paid in eligible out-of-pocket expenses related to repair of the covered parts of the power sliding doors at issue in this litigation.

15. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 10, 2019                                   By: _____



147 NORTH BROAD STREET, MILFORD, CT 06460
TEL. 203-877-8000  FAX. 203-878-9800
WWW.HSSKLAW.COM

For more than twenty-five years, Hurwitz, Sagarin, Slossberg & Knuff, LLC ("HSSK") has served as both lead and local/liaison counsel in numerous class action cases in State and Federal Courts, including both consumer and securities cases. A representative list of the firm's current and past class cases is attached hereto. Coordination with other firms in these cases has been efficient and effective resulting in significant benefits to class members. The attorneys primarily responsible for this matter are Attorneys David A. Slossberg, David L. Belt, and Jeffrey P. Nichols. Attorneys Slossberg and Belt both served on the Connecticut Judicial Department special committee that recommended and drafted the proposed changes in the Connecticut class action rules. Attorney Belt is a co-author of *Connecticut Unfair Trade Practices, Business Torts and Antitrust*, Vol. 12 of the Connecticut Practice Series, to which Attorneys Slossberg and Nichols are contributing editors.

**EXHIBIT A**

Simerlein v. Toyota Motor Corporation, et al., 3:17-cv-01091 (VAB)

O'Donnell v. AXA Equitable Life Insurance Company, CV15-6039557-S

Peterman v. Anthem, Inc., et al., 3:15-cv-00250 (VAB)

In Re: Morgan Stanley Smith Barney LLC Wage And Hour Litigation, 2:11-cv-03121 (WJM-SCM), MDL No. 2280.

Joseph Chalverus v. Stephen Bershad, et al. (Axsys Technologies), CV-09-4044848S

Jeffrey Austen, et al. v. Catterton Partners, V, LP, et al., 3:09-cv-1257 (MRK)
Courtney Jarrell v. Abbott Laboratories, (X02) CV-09-4018799S

First New York Securities, LLC, et al. v. United Rentals, Inc.,  3:08-cv-00115 (VLB)

In Re Hartford Fin. Svc. Group, Inc.,  3:08-cv-1708 (PCD)

A&R Body Specialty, et al. v. Progressive Casualty Insurance Company, et al., 3:07-cv-929 (WWE)

Kuzinski, et al. v. Schering Plough Corporation, 3:07-cv-233 (JBA)

Ruggeri v. Boehringer Ingelheim Corp., 3:06-cv-1985 (JBA)

In Re Allianz Dresdner Mutual Funds Fee Litigation, 3:04-cv-00280 (CFD)

In Re Star Gas Securities Litigation, 3:04-cv-1766 (JBA)

In Re Publication Paper Antitrust Litigation, 3:04-md-1631 (SRU)

Artie's Auto Body, et al. v. Hartford Fire Insurance, (X08) CV-03-0196141S

In Re SBC Communications Antitrust Litigation, 3:02-CV-1801 (DJS)

Josephine Agrella, et al. v. Ford Motor Company, (X01)-CV-02-0184712S

Carlson, et al v. Xerox Corporation, et al, 3:00cv1621 (AWT)

In Re Mercator Software, Inc. Securities Litigation, 3:00-cv-01610 (GLG)

In Re: Priceline.com Securities Litigation, 3:00-cv-1884 (AVC)

In Re PE Corporation Securities Litigation, 3:00-cv-705 (CFD)

In Re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires

Products Liability Litigation, Master File No. IP-00-9373-C-B/S
MDL No. 1373

In Re Xerox Securities Litigation, 3:99-cv-2374 (AWT)

Information Management Associates, Inc. Securities Litigation, 3:99-cv-2302 (PCD)

In Re Fine Host Securities Litigation, 3:97-cv-2619 (JCH)

David Leventhal v. Leonard Tow, et al ("Citizens Utilities Company"), 3:97-cv-1642 (DJS)

In Re Aetna Securities Litigation, 3:97-cv-2492 (AHN)

In Re EIS International Inc. Securities Litigation, 3:97-cv-01194 (RNC)

Bruce Payne v. Micro Warehouse, et al, 3:96-cv-1920 (DJS)

Ellen Petrilli v. William Gow, et al and USGI Holdings, Inc., 3:95-cv-01657 (PCD)

In Re Caldor's Securities Litigation, 3:95-cv-2564 (PCD)

Freedman v. Value Health, 3:95cv2038 (JBA)

Hosea v. Managers Funds, 3:94-cv-1650 (JBA)

Germano v. Cognitronics, 3:93-cv-539 (DFM)

William G. Flanigan v. General Electrical, et al. 3:93-cv-516 (JBA)

Maureen Rose v. Joan Cooney, et al, 5:92-cv-208 (TFGD)

In Re United States Surgical Corporation Securities Litigation, 3:92-cv-374 (AHN)

Gateway Financial Corporation Securities Litigation, 2:90-cv-164 (TFGD)

Edward Prostic, et al. v. Xerox Corporation, B90-113 (EBB)

Leonard I. Schreiber v. Society for Savings Bancorp, H90-48 (DJS)

Gedalia Steinfink, et al v. Pitney Bowes, Inc., 5:90-cv-349(JAC)

In Re Northeast Bancorp. Securities Litigation, 3:90-cv-024 (RNC)

In Re Oxford Health Plans, Inc. Securities Litigation, MDL No. 122 (CLB)

Noble v. Baum and Citytrust Bancorp, CV 89-0265920S

Cohn v. Lone Star Industries, Inc., 2:89-cv-617 (JAC)

Hwang v. Smith Corona Corporation, 2:89-cv-450(TFGD)

In Re Prudential Bache Securities Litigation, B88-100-1 (JAC)

In Re Ames Department Stores, Inc. - Debenture Litigation, H87-697 (AHN)

Iomega Litigation, B86-257 (JAC)

In Re Savin Corporation Securities Litigation, B85-617 (RCZ)