IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NED SIMERLEIN, JAMES ECKHOFF, MARICEL LOPEZ, CRAIG KAISER, JOHN F. PRENDERGAST, RAYMOND and ROSARIO ALVAREZ, KAREN EASON, JENNIFER SOWERS, JENNIFER FRANKLIN, JORDAN AMRANI, CRYSTAL GILLESPIE, MELISSA STALKER, DILLEN STEEBY, PAULA McMILLIN, JOSEPH C. HARP Jr., and JAMES and MELISSA JUGO TINNEY, individually and on behalf of all others similarly situated, <br><br> v. <br><br> TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR SALES, USA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. and TOYOTA MOTOR MANUFACTURING, INDIANA, INC. | CASE NO. 3:17-CV-01091-VAB |

**DECLARATION OF JOSEPH C. HARP**

I, **JOSEPH C. HARP, Jr.,** declare as follows:

1. I am a named Plaintiff in the above-captioned case. I have personal knowledge of the facts stated herein and, if called upon to testify, would be competent to do so.

2. In January 2016, I purchased a new 2015 Toyota Sienna equipped with sliding doors from Thompson Toyota in Doylestown, Pennsylvania.

3. On or about October 13, 2017, I received Toyota's Safety Recall No. 16V-858 for my 2015 Toytoa Sienna. I had the G04 recall performed at Thompson Toyota .

4. On or about June 2017, I contacted one of plaintiffs' counsel regarding my Sienna's power sliding door defect. Following a series of emails and conversations, I retained plaintiffs' counsel to represent me in this case. These firms were retained to prosecute my claims as a class action and I agreed to act as a representative plaintiff in the litigation. I understand that as a class representative, I have a duty to put the Class' interests ahead of my own individual interests and to act in the best interests of the Class.

5. My interests are aligned with those of the Class. Throughout the course of the litigation, I have sought to maximize the benefits recovered for the problems identified that can impede the proper functioning of the Siennas' power sliding doors. I have no interest that is antagonistic to or conflicts with the interests of the Class.

6. Since joining the case, I periodically communicate with my attorneys to keep myself updated regarding what was happening in the case and to answer my attorneys' questions regarding what happened and is happening with my Sienna. The communications included, among other things, initial conversations regarding the issues with my Sienna, verifying information prior to the joining the Class Action Complaint, updating my attorneys on any change in status in my efforts to get my door fixed, discussing the status of the litigation, and discussing the status of settlement discussions. I communicated with my attorneys on multiple occasions, via email and telephone, and searched my emails, files, and other documents to make sure I gave them all of the required information.

7. I reviewed the settlement and believe that the benefits provided by the settlement represent an excellent result for the Class. I am pleased that the settlement provides owners of Sienna vehicles significant benefits, including Toyota's provision of a Customer Confidence Program that provides for a free door inspection of all Class members' Siennas during the year

following the final approval of the proposed settlement and, if necessary, repairs to certain covered parts of the vehicles' power sliding power doors at no cost to them, and warranty coverage for these covered parts of the Sienna sliding doors for ten (10) years from first use of the vehicle. I also believe Toyota's providing a free loaner vehicle during inspection and repairs under the Customer Confidence Program that will take longer than four hours is an important benefit. It is also fair and valuable that those who paid to have covered parts of their power sliding doors replaced can ask for reimbursement for amounts they paid through the out-of-pocket reimbursement program that is part of the settlement.

8. I understand that under the settlement, Class Counsel will request that the Court award each Class Representative an incentive award of $2,500. I have been informed and understand that whether I receive an incentive award payment and, if so, in what amount, is entirely up to the Court. I also understand that the incentive awards are to be considered by the Court separately from whether the settlement is fair, reasonable, and adequate, and that if the Court declines to award the requested incentive awards, that determination will not affect the validity or finality of the settlement. My support of the settlement is not conditioned on an incentive award. I recommend the settlement based on my belief that it is fair and reasonable and in the best interest of the proposed class.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Dated: June 3, 2019**               **By:** _____
                                              JOSEPH C. HARP, Jr.



# This document was signed by:

## Joseph Harp



| | |
|---|---|
| Date | 6/3/2019 9:17 PM UTC |
| Phone | |
| IP Address | 172.31.22.40 |
| Confirmation | FD193F8F5914BC793773412EB0639A48 477687128E37976D749D04ED5D3E8BDD |

**VINESIGN.COM**